IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANGELINE MAY MARSH,

              Plaintiff,

vs.

STATE OF NEBRASKA,

              Defendant.

8:18CV65

**MEMORANDUM
AND ORDER**

      This matter is before the court on a "Notice of Removal" (Filing No. 1) filed by Plaintiff Angeline May Marsh. The documents attached to Marsh's motion reflect that she has been charged with fraudulently filing a financial statement, a Class IV felony under Neb. Rev. Stat. § 28-935, in the District Court of Howard County, Nebraska. It appears Marsh's state criminal proceeding is scheduled for trial on February 22, 2018. (*See* Filing No. 1 at CM/ECF pp.7–11.)

      Liberally construed, Marsh seeks to remove her criminal cases to this court pursuant to 28 U.S.C. § 1443. For the reasons that follow, the court will deny Marsh's request for removal of her criminal case.

**A.    28 U.S.C. § 1455**

      A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28

U.S.C. § 1455(b)(1). Further, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Marsh did not provide this court "with a copy of all process, pleadings, and orders" served on him. Thus, she has not complied with § 1455(a). Moreover, Marsh did not seek to remove her criminal case within 30 days of her arraignment. (*See* Filing No. 1 at CM/ECF p.9.) Thus, she has not complied with § 1455(b)(1). Even if Marsh had complied with the procedures outlined in § 1455, removal is improper under 28 U.S.C. § 1443.

**B.    28 U.S.C. § 1443**

The federal statute governing the removal of criminal prosecutions from state court to federal court states, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443.

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of

racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality" and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614–15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Here, Marsh does not allege she was denied any civil rights on racial grounds or under a federal equal rights law. Rather, Marsh complains that she is being denied due process of law to "use my commercial affidavit process, my uniform commercial code, and the maxiums of law." (Filing No. 1 at CM/ECF p.1 (capitalization removed; spelling in original).) These arguments fail to demonstrate that removal of Marsh's criminal case is proper where her request is not based on any allegations of racial discrimination. *See Johnson*, 421 U.S. at 219 ("That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).").

IT IS THEREFORE ORDERED that:

1. Marsh's request for leave to proceed in forma pauperis (Filing No. 2) is granted.

2. Marsh's request for removal of her criminal case is denied. Accordingly, this case is dismissed and the court will enter judgment by a separate document.

3. To the extent a remand of this case is necessary, this case is remanded to the Nebraska state court having jurisdiction over Marsh's pending criminal case. The clerk's office is directed to send a copy of this order to the Clerk of the District Court of Howard County, Nebraska, P.O. Box 25, St. Paul, Nebraska 68873.

Dated this 13th day of February, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge